State v. Wheeler.

STATE OF NEBRASKA V. DANIEL H. WHEELER.

[FILED DECEMBER 18, 1891.]

**Taxation:** FOREIGN INSURANCE COMPANIES: CONSTITUTIONAL
LAW. Sec. 7, art. 9, of the Constitution prohibits the legisla-
ture from imposing taxes on municipal or other corporations
or the inhabitants or property thereof, for corporate purposes.
*Held,* That the requirements that certain insurance companies
should pay a certain amount on the gross receipts to fire compa-
nies, etc., was a tax, and therefore in conflict with the constitu-
tion.

EXCEPTIONS from the district court for Douglas county.
Tried below before HOPEWELL, J.

*T. J. Mahoney,* for plaintiff in error:

The act of 1889 did not provide for the collection of a
tax; it merely prescribed a condition precedent to the
transaction of business in Nebraska by foreign insurance
companies. (*People v. Thurber,* 13 Ill., 554; *Walker v.
Springfield,* 94 Id., 364; *Ill. Mut. Fire Ins. Co. v. Peoria,*
29 Id., 180; *East St. Louis v. Wehrung,* 46 Id., 392;
*Ducat v. Chicago,* 48 Id., 172; *Trustees v. Rome,* 93 N.
Y., 313.) Even if it be considered a tax, it is not imposed
upon a municipality or its inhabitants, but upon foreign
corporations. Though the act be broader than its title, yet
since the latter clearly shows that the legislature intended
the act to apply to foreign insurance companies, it is valid
as to them. (*Messenger v. State,* 25 Neb., 676.)

*H. C. Brome,* contra:

The imposition must be considered either a tax or a
license fee. If the former it is unconstitutional, and if the
latter it belongs alone to the school fund. The Illinois
and New York cases are not in point, because of different

constitutional provisions in those states.  The precise question here presented was settled in *San Francisco v. Liverpool Ins. Co.*, 74 Cal., 113.

MAXWELL, J.

The defendant in error was informed against in the district court of Douglas county under the provisions of chapter 47 of the acts of the legislature of the state of Nebraska of 1889, entitled "An act to require insurance companies, organized under the laws of other states and doing business in Nebraska, to pay a duty or rate for the support of fire companies composing the fire department of any city or village."

The information charges that the defendant on or about the 6th day of July, A. D. 1889, in said county of Douglas, did then and there effect and procure to be effected fire insurance to the amount of $3,000 by the Phœnix Insurance Co., of Brooklyn, N. Y., upon a dwelling house situated in the city of Omaha, in said county and state, the property of one John T. Hopkins; that said Daniel H. Wheeler then and there received for said fire insurance a premium of $45, said insurance company being a corporation organized under the laws of the state of New York, said state being a state other than the state of Nebraska, and the said Daniel H. Wheeler then and there being a duly authorized agent of said corporation; the said city of Omaha then and there being a city of the metropolitan class, duly organized under the laws of the state of Nebraska, having an organized fire department with more than twelve active members, one good hose cart, 500 feet of good leather hose kept in an engine house fit and ready at all times for actual service, one hook and ladder company with no less than twelve active members, having a good hook and ladder truck and the necessary men, teams, and equipments so as to constitute an active and properly equipped fire department ready for service at all times;

and the said Daniel H. Wheeler not having then and there executed and delivered to the treasurer of said city of Omaha on the first days of January and July in each year, an account of all premiums received by him during the six months preceding said report, and to pay to said treasurer two per centum of such premiums for the use, support, and benefit of said department, and not having given such bond in any sum whatever.

Upon being arraigned upon this information the defendant pleaded guilty and filed a motion in arrest of judgment, which motion was subsequently sustained and the defendant discharged, to which ruling of the court, sustaining the motion in arrest of judgment and discharging the prisoner, the county attorney excepted, and now brings the case into this court for the determination of the question of law therein involved.

The only question of law involved is the constitutionality of the act of 1889, above referred to. If this act is unconstitutional, the ruling of the district court was correct and should be affirmed, but if the act is constitutional that ruling was erroneous. The several grounds upon which it has been urged that this act is unconstitutional, are:

1st. That the act is broader than its title in this, that the title refers only to insurance companies organized under the laws of other states, while the body of the act appears to relate to all insurance companies.

2d. That the law is repugnant to section 11, article 3, of the constitution, which provides that "no law shall be amended unless the new act contain the section or sections so amended, and the section or sections so amended shall be repealed" in this, that the act in question is amendatory of section 38 of the Revenue Act.

3d. That the act in question is in contravention of section 1, article 9, of our constitution, for the reason that it is not uniform as to the class upon which it operates.

4th. That it is in contravention of section 7, article 9, of the constitution, which prohibits the legislature from imposing taxes upon municipal corporations or the inhabitants or property thereof for corporate purposes.

5th. That it is unconstitutional because it contemplates the collection of a tax by means of a criminal prosecution.

Sec. 7, art. 9, of the constitution is as follows: " Private property shall not be liable to be taken or sold for the payment of the corporate debts of municipal corporations. The legislature shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes."

It is very evident that the amount levied upon the insurance companies in this case is a tax, and as such is in conflict with the provisions of the constitution.

The judgment is right and is

AFFIRMED.

THE other judges concur.