[S. F. No. 501.   Department One.—February 18, 1899.]

GEORGE TAYLOR, Respondent, v. F. K. MOTT et al., Members of Common Council of City of Oakland, Appellants.

123 497
138 275

CONSTITUTIONAL LAW—ACT CREATING EXEMPT FIREMEN'S RELIEF FUND—GIFT.—The act of March 26, 1895, to create an exempt firemen's relief fund in the several counties of the state, for the benefit of exempt firemen resident therein, is unconstitutional, as violating the provisions of sections 31 and 32 of article IV of the constitution, which prohibit the legislature from making or authorizing the gift of the public moneys to any person, and as assuming to create a liability on the part of the municipality where none existed before, by requiring it to aid exempt firemen who never rendered it any service.

APPEAL from a judgment of the Superior Court of Alameda County.   A. L. Frick, Judge.

The facts are stated in the opinion.

J. K. Peirsol, and W. A. Dow, City Attorney of City of Oakland, for Appellants.

George E. De Golia, for Respondent.

GRAY, C.—Appeal from final judgment and order granting plaintiff's petition for a writ of mandate to compel appellants in their capacity as the city council of Oakland to set apart from the funds of that city money, not exceeding twelve thousand dollars, sufficient to pay all warrants issued by the board of trustees of the exempt fireman's relief fund and audited by the auditor of said city.

The action is based upon an act of the legislature entitled,

"An act to create an exempt firemen's relief fund in the several counties, cities and counties, cities and towns of the state, and relating to the enrollment, formation into fire companies, and services as firemen of such exempt firemen," approved March 26, 1895.   (See Stats. 1895, p. 107.)

The case was tried on an answer to the petition, and the appeal is taken on the judgment-roll, from which it appears that the court found that no incorporated exempt fire company existed in the city of Oakland on March 26, 1895, the date of the approval of said act and the time when it took effect, and this is the first  ground for reversal contended for by appellant.

The second ground for a reversal of the judgment stated by defendant is, that the act known as the "exempt firemen's relief act" is unconstitutional.   It will be best to examine this ground first, because the first ground stated by appellant involves an interpretation of the language of the act, and, if the act is decided to be unconstitutional, it may not be necessary to interpret its language in the respect pointed out in appellant's brief.

The act in question is mandatory in its terms and requires the governing authority of any city and county, city or county or town of the state in which an incorporated exempt fire company exists to appoint five exempt firemen as a board of trustees of the exempt firemen's relief fund.   Then it provides for the setting apart from the municipal funds a sum not  exceeding twelve thousand dollars annually, to be devoted by such board of trustees to the relief of disabled, sick, injured, and infirm exempt firemen.   It also provides for the enrollment of exempt firemen and that they shall be assigned to and perform certain duties as firemen, in cases of great public emergency, under the direction of the chief of the fire department, without compensation therefor other than the relief in case of disability already mentioned.

Sections 31 and 32 of article IV of our constitution prohibit the legislature from making or authorizing the gift of any of the public moneys, state or municipal, to any person, association, or corporation, and it would seem that the provisions of the act in question are in conflict with these sections of our constitution.   Sections 3 of the act provides that: "The board of trustees of the exempt firemen's relief fund shall enroll every

exempt fireman who has received or may hereafter receive, a certificate under the laws of this state that he is an exempt fireman and who is a resident of the county, city and county, city or town, and who desires to avail himself of the benefits of this act and to render the services herein mentioned." Section 5 of the act provides further that "said fireman's relief fund shall be applied to the relief of such enrolled exempt firemen who, after their enrollment as herein provided, shall become disabled from injuries, sickness, or the infirmities of age to earn a livelihood, and said board shall grant relief from time to time to such enrolled member during the disability as it deems just," not exceeding twenty-five dollars per month. A careful inspection of this statute will disclose that it creates a liability on the part of a municipality where no legal liability existed before, and that by its terms the funds of such municipality may be disbursed among those who have never performed fire service or any other service for that particular municipality. Individuals become exempt firemen and receive certificates as such under the provisions of sections 3337 and 3338 of the Political Code, and they are now to be found residing on farms and in the towns all through the state; some of them are already aged and infirm, and from that and other causes are unfitted to perform any service as active firemen, yet if this act is upheld all such from the four corners of the state might congregate in a single city, establish a residence there, compel the local governing authority to enroll them as exempt firemen, and, without ever doing anything as a legal consideration therefor, claim and receive a part of the funds of such city. A comparison of the act in question with an act passed for a similar purpose by the legislature of 1889 will direct the attention at once to the want of consideration for the gift contemplated by the act of 1895. (See Stats. 1889, p. 108.) This act of 1889 provides that no person shall be entitled to share in the funds of the municipality unless he shall have served in the fire department of that particular municipality for fifteen years, or shall have received injury in the actual discharge of fire duty therein. No such condition or restriction as this is to be found in the act of 1895, but, on the contrary, all exempt firemen, by becoming residents and being enrolled, must be permitted to participate in the funds of the

municipality when they become disabled, whether they have ever performed any service for such municipality or not. This constitutes a gift and makes the statute subject to the constitutional objections already pointed out and which have already been laid down by the supreme court in the following cases: *Conlin v. Board of Supervisors*, 99 Cal. 17; 37 Am. St. Rep. 17; *Patty v. Colgan*, 97 Cal. 251; *Bourn v. Hart*, 93 Cal. 321; 27 Am. St. Rep. 203.

The act on which the petition for the writ was based being unconstitutional and void, it follows that the judgment granting the writ must fall. For these reasons we advise that the judgment be reversed.

Pringle, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.      Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.