(91 South. 627)

**COBBS, City Treasurer, v. HOME INS. CO. OF NEW YORK. (3 Div. 378.)**

(Court of Appeals of Alabama. Dec. 7, 1920. Rehearing Denied June 21, 1921.)

**1. Statutes ⬤⇒135—Amendment of unconstitutional statute is void.**

The Legislature cannot give life to a dead act by amending certain of its provisions at a later session, so that, if the original act is unconstitutional and void, the amending act is likewise void.

**2. Statutes ⬤⇒93(4)—Statute reasonably classifying cities by population is not "local legislation."**

A statute classifying cities for the purpose of special legislation applicable to the entire state by population as shown by the federal census, if done in good faith and reasonably relating to the purpose to be effected and to the difference in population, and not merely for the purpose of evading the constitutional requirements, is not "local legislation," within Const. 1901, § 106 et seq., even though there was only one city of the designated population at the time of the enactment of the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Legislation.]

**3. Statutes ⬤⇒93(4)—Classification of cities by population for regulation of fire protection is reasonable.**

Acts 1915, p. 898, applying to all cities having a population of 100,000 or more, and looking to the establishment of an efficient fire department in cities of that size, was a classification of the entire state on that subject reasonably related to the purpose to be effected.

**4. Municipal corporations ⬤⇒176(3)—Compensation of firemen may be changed at any time.**

Since the contract for service of members of the fire department of a city is not for a fixed term, but is terminable at the will of either party, the salary or wage may be changed at any time either by law or by mutual consent, without violating Const. 1901, § 68, prohibiting extra fee or allowance after services shall have been rendered or contract made.

**5. Contracts ⬤⇒167—Law in force when contract made becomes a part thereof.**

If a contract is made with reference to the existing law, such law is read into and becomes a part of the contract, whether it is between individuals dealing with each other, or between individuals and the government, where the contract is consummated by an acceptance of the terms of a statute proposing a status which the individual may either accept or reject.

**6. Municipal corporations ⬤⇒200—Legislature may provide pension fund as part of future compensation of firemen.**

The Legislature, looking to the future, and not retrospectively, may provide a system whereby municipalities can increase the efficiency of their fire departments by providing pensions for the firemen or their dependents, not as a gratuity, but as a part of the stipulated consideration for which they contracted and served.

**7. Municipal corporations ⬤⇒870—Firemen's pension fund is governmental in its nature.**

The creation of a firemen's pension fund and the machinery for carrying out its provisions is governmental, and therefore does not violate Const. 1901, § 94, prohibiting the Legislature from authorizing a city to lend its credit or grant public money to any individual, association, or corporation.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Municipal corporations 🔑176(3)—Constitution does not prevent payment from pension fund, at death, of part of compensation of deceased fireman.**

. Const. 1901, §§ 97 and 98, prohibiting payment of salary beyond the date of an officer's death and the retirement of an officer on pay or part pay, does not prohibit the creation of a firemen's pension fund whereby the firemen or their dependents shall be paid, as part of the compensation for their services, certain sums on their disability from old age or on their death.

**9. Municipal corporations 🔑176(3)—Firemen are not "officers" within constitutional provisions regulating pay.**

Firemen are not "officers" within Const. 1901, §§ 97 and 98, prohibiting payment of an officer's salary after his death and retirement of an officer on pay or part pay, since to constitute a public officer it is necessary that he have and exercise certain independent public duties incident to an office created by law, carrying with it a part of the sovereignty of the state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

**10. Taxation 🔑23 — Tax for firemen's pension fund is for public purpose.**

The levy of a tax or license on fire insurance companies doing business within a city for the firemen's pension fund is for a public, and not for a private, use.

**11. Municipal corporations 🔑73—Legislature can levy tax directly for firemen's pension fund.**

The tax or license for the benefit of the firemen's pension fund levied by Acts 1915, p. 898 et seq., as amended by Acts 1919, pp. 111–116, is a tax levied by the Legislature for the benefit of the municipalities, which the Legislature could levy directly so long as the tax so levied, with other taxes levied by the city, did not exceed the amount fixed by General Revenue Act 1919, Schedule 59, subd. b, with the same effect as if the tax was levied by ordinance under authority of the Legislature.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge. •

Action by J. Lewis Cobbs, as Treasurer of the City of Montgomery, against the Home Insurance Company of New York. There was judgment sustaining demurrers to the complaint, and, the plaintiff declining to plead further, judgment was rendered against him, and he appealed. Reversed and remanded.

Certiorari denied 207 Ala. 712, 91 South. 922.

Plaintiff sued as the treasurer of the city of Montgomery for the use and benefit of the board of trustees of the firemen's pension and relief fund. The suit is brought under the provisions of the Acts of 1915, p. 898, as amended by Acts 1919, p. 111. The defendant demurred setting up that the act as amended was void and of no effect because violative of section 68, section 94, section 98, and sections 106, 107, 108, and 110 of the Constitution of 1901, and also violative of sections 23, 232, and 217, Constitution 1901, and also violative of the Constitution of the United States.

Ludlow Elmore, of Montgomery, for appellant.

Most of the demurrers are general demurrers. Section 5340, Code 1907. The act is not violative of any of the sections of the Constitution referred to. 143 Ala. 617, 39 South. 361; 145 Ala. 132, 40 South. 350; 44 Cent. Dig. § 344; 18 Dec. Dig. § 263. The act is not a special or local act. 145 Ala. 128, 40 South. 1016; 142 Ala. 98, 38 South. 679; 77 Pa. 338. Section 232, Constitution 1901, has no application to this case. 192 U. S. 74, 24 Sup. Ct. 181, 48 L. Ed. 346.

Steiner, Crum & Weil, of Montgomery, for appellee.

Both acts are violative of the section 68, Const. 1901, and section 94. 144 Mo. 283, 45 S. W. 1099, 66 Am. St. Rep. 420; 171 N. Y. 263, 63 N. E. 1107, 89 Am. St. Rep. 810. The acts also violate the provisions of sections 97 and 98, Const. 1901. 145 Ky. 242, 140 S. W. 197, 36 L. R. A. (N. S.) 881, Ann. Cas. 1913B, 1078; 163 Ala. 425, 50 South. 929; 13 Ala. App. 212, 68 South. 706; 193 Ala. 677, 69 South. 1018; 113 Ala. 31, 21 South. 378; 11 Ala. App. 578, 66 South. 847; 37 Wash. 657, 80 Pac. 79, 12 L. R. A. (N. S.) 261; (Sup.) 4 N. Y. Supp. 355. The act is a local or a special act, and therefore violative of the Constitution. 16 Ala. App. 145, 75 South. 821; 204 Ala. 38, 85 South. 465. The act violates section 23 of the Constitution. 117 Ala. 31, 23 South. 697; 135 Ind. 33, 34 N. E. 565, 20 L. R. A. 827, 41 Am. St. Rep. 410; 78 S. C. 445, 59 South. 148, 13 L. R. A. (N. S.) 1147, 125 Am. St. Rep. 818.

SAMFORD, J. This suit was instituted by appellant pursuant to the provisions of an act of the Legislature approved February 17, 1919 (Acts 1919, pp. 111–116), amendatory of an act of the Legislature approved September 28, 1915 (Acts 1915, p. 898 et seq.), and seeks to recover of appellee a percentage of appellee's gross premiums from its business in the city of Montgomery during the year 1919; it being contended that this payment is provided for by subdivision C of section 8 of the original act, requiring each fire insurance company doing business in the city to pay annually into a certain fund "a sum equal to ½ of 1 per cent. of the gross premiums, less returned premiums received by such fire insurance company for and on account of business done by it in said city during the preceding year."

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the trial the defendant (appellee here) filed demurrer to the complaint attacking the constitutionality of the act. The demurrers were sustained, and, plaintiff declining to plead further, judgment was rendered against him, and the action of the court is now assigned as error.

[1, 2] It first becomes necessary to pass upon the act of the Legislature of 1915, upon which is based the amendatory act of 1919, as no life can be given to a dead act, by simply amending certain of its provisions at a later session of the Legislature. If the act of 1915 is unconstitutional and void, then the act of 1919 must of necessity be likewise void and of no effect. Citing the case of Reynolds, Treas., v. Collier, 204 Ala. 38, 85 South. 465, appellee insists that the act of 1915 applied in its provisions only to the city of Birmingham, which made it a local and not a general law, and, not having been advertised and passed as required by section 106 et seq. of the Constitution, is void. These sections of the Constitution have been the subject of many decisions of our court resulting, sometimes in upholding, and sometimes striking down, legislative enactment; but the rule of distinction seems to be that the Legislature in passing a general law may use the population as shown by the federal census, as a basis for classification of subdivisions of the state for purposes of special legislation applicable to the entire state, provided it is done in good faith and reasonably relates to the purpose to be effected and to the difference in population, which forms the basis thereof; that where the population named in the act is merely arbitrary, and chosen for the purpose of evading the constitutional requirements, it is local legislation.

[3] The act of 1915 (Acts 1915, p. 898) enacts a statute applicable to all cities of the state having a population of 100,000 or more, looking to the establishment of an efficient fire department in cities of that size. This, in effect, was a classification of the entire state upon that subject and reasonably related to the purposes to be effected and to the populations in the classes into which the state was thus divided. That at the time of its enactment there was only one city of the designated population cannot affect the general rule. State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 South. 461; State ex rel. v. Thompson, 142 Ala. 98 et seq., 38 South. 679; Bd. of Rev. of Jeff County v. Huey, 195 Ala. 83, 70 South. 744. The act of 1919, therefore, cannot be stricken down on the ground that the original act is local and not general.

[4-6] It is further insisted that the act as amended is void as being in conflict with sections 68, 94, 97, and 98 of the Constitution of 1901. It is contended for appellee that the act undertakes to create a "pension system" pure and simple, and to grant to members of the fire departments in the various cities, in the class named, extra fee or allowance, after service shall have been rendered or contract made. Cons. § 68. The contract of service of members of the fire department is not for a fixed term, but is terminable at the will of either party, and therefore the salary or wage may be changed at any time, either by law, or by mutual contract, and a fireman remaining in the service of a municipality after the passage of a statute affecting his compensation is bound by the contract of service as governed by the law in force during the time of service. Every contract is made with reference to and subject to existing law, and every law affecting the contract is read into and becomes a part of the contract when made. This is true as between individuals dealing between themselves by contract and is also true as between individuals and government, where the contract is consummated, by an acceptance on the part of the individual of the terms of a statute proposing a status, which the individual may either accept or reject. Looking to the future, and not retrospectively, the Legislature may provide a system, whereby municipalities, having under their jurisdictions millions of dollars worth of property liable to destruction by fire, can increase in efficiency a department designed to protect life and property, by providing for the members of its fire departments, their wives and little ones, after the term of active service has been ended, either by death or age, to the end that the public may retain in this hazardous service men of the most faithful and efficient class. Reasons in support of this proposition are too obvious to be stated in detail. The compensation thus paid, by whatever name called, is not a gratuity, but a part of the stipulated consideration, for which they contracted and served. Mahon v. Bd. of Education, 171 N. Y. 263, 63 N. E. 1107, 89 Am. St. Rep. 810; Exempt Firemen's B. Fund v. Roome, 93 N. Y. 313, 45 Am. Rep. 217; State ex rel. Haberland v. Love, 89 Neb. 149, 131 N. W. 196, 34 L. R. A. (N. S.) 607, Ann. Cas. 1912C, 542; Taylor v. Mott, 123 Cal. 497, 56 Pac. 256. The section of the Nebraska Constitution (article 3, § 16) discussed in the Love Case, supra, is very similar to section 68 of our Constitution, and the Constitutions of the other states discussed in the above-cited cases are of the same import. The case of State v. Ziegenhein, 144 Mo. 283, 45 S. W. 1099, 66 Am. St. Rep. 420, cited by appellee, stands alone against the great weight of authority. The law does not violate section 68 of the Constitution of 1901.

[7] The creation of the fund and the machinery for carrying out the provisions thereof is governmental, and hence does not violate section 94 of the Cons. 1901. State ex rel. Haberland v. Love, supra; Com. v. Walton, 182 Pa. 373, 38 Atl. 790, 61 Am. St. Rep. 712; Phœnix Assur. Co. v. Montgomery Fire Dept.,

117 Ala. 631, 23 South. 843, 42 L. R. A. 468; Fireman's Ben. Ass'n v. Lounsbury, 21 Ill. 511, 74 Am. Dec. 115; Exempt Firemen's Ben. Fund v. Roome, 93 N. Y. 313, 45 Am. Rep. 217; State v. Wheeler, 33 Neb. 563, 50 N. W. 770.

[8] From what has been said above it will be seen that sections 97 and 98 are not applicable to the case at bar. The amounts to be paid after death or retirement having been earned during the term of service, the Constitution does not prevent its payment at any time it may become due under the contract. Sections 97 and 98 are inhibitions against the payment for services not rendered.

[9] Besides, a fireman is not such an officer as is contemplated by the two sections named. To constitute a public officer, within the meaning of sections 97 and 98 of the Constitution, it is necessary that he have and exercise certain independent public duties incident to an office created by law, carrying with it a part of the sovereignty of the state. A fireman is not such an officer. State ex rel. Attorney General v. Jennings, 57 Ohio St. 415, 49 N. E. 404, 63 Am. St. Rep. 723. And in Phœnix Assur. Co. v. Fire Department of Montgomery, 117 Ala. 631, 650, 23 South. 843, 849 (42 L. R. A. 468), it is said:

"And the members of the companies are not servants, agents, or officers of the state or of the municipal corporation."

The cases cited are not in conflict. The case of Schmitt v. Dooling, 145 Ky. 240, 140 S. W. 197, 36 L. R. A. (N. S.) 881, Ann. Cas. 1913B, 1078, only going so far as to hold that a fireman was an officer in "its broader sense," which we take to mean for the purpose of the case then being decided.

[10] It will be seen from a reading of the authority cited above that the levy of the tax or license of ½ of 1 per cent. is for public and not for private use, and this view is upheld in an exhaustive and able opinion delivered by the late Chief Justice Brickell in Phœnix Assur. Co. v. Montgomery Fire Dept., 117 Ala. 631–647 et seq., 23 South. 843, 42 L. R. A. 468, in a case similar to the one now under consideration, and we cannot add to the argument there made.

[11] The tax or license levied by the act of 1915 (page 898 et seq.) as amended by the act of 1919 (pages 111–116) is a tax levied by the Legislature for the benefit of the various municipalities falling within the class to which they belong and is just as if the Legislature had authorized the levy of the license and an ordinance had been passed carrying it into effect, and so long as the levy does not exceed, by municipal ordinance or direct levy for the use of the municipality by the Legislature, the amount fixed by the Gen. Rev. Act 1919 (Laws 1919, p. 414) Schedule 59, subd. b, there is no conflict in the two statutes, requiring the striking down of the one or the other. The other questions that may hereafter arise are not passed upon, as they are either not argued or expressly waived in brief.

For the errors pointed out, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
18 ALA.APP.—14