(89 South. 304)

**STONE, County Treasurer, v. STATE ex rel. ADAMS. (1 Div. 431.)**

(Court of Appeals of Alabama. May 17, 1921.)

**1. Statutes ⊶8½(1)—General and local legislation distinguished as affecting application of requirement for advertising local act.**

The Legislature in passing a general law may use the population as shown by the federal census, as a basis for classification of subdivisions of the state for purposes of special legislation applicable to the entire state, providing it is done in good faith and reasonably relates to the purpose to be effected and to the difference in population which forms the basis thereof, but when the population named in the act is merely arbitrary and chosen for the purpose of evading Const. 1901, § 106, as to advertising local legislation, it is such legislation.

**2. Constitutional law ⊶48—Every reasonable presumption in favor of constitutionality of statute and burden of proof on party assailing validity.**

Every reasonable presumption will be indulged in favor of constitutionality of a statute, and a party assailing its validity has the burden of convincing the court beyond a reasonable doubt.

**3. Statutes ⊶8½(1)—Act for election of road engineer in all counties having a prescribed population held not local, and hence not void because not advertised.**

Acts Sp. Sess. 1920, p. 148, providing for the election of a road engineer in each and every county having a population over 80,000 and under 200,000, according to the last federal census, is a general and not a local statute, and hence is not void because not advertised as required by Const. 1901, § 106.

**4. Statutes ⊶123(4)—Act providing for county road engineer held not to violate requirement as to clearly expressing subject in title.**

Though the caption of Acts Special Sess. p. 148, provides only for a "road engineer" in certain counties, the act does not in giving him jurisdiction over highways in the body thereof, include city streets, and so violate Const. 1901, § 45, as to clearly expressing the subject in its title.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Petition by the State of Alabama on the relation of S. M. Adams for writ of man-

---

damus to be directed to George E. Stone, as Treasurer of Mobile County, requiring him to number and register a certain warrant drawn on him by the board of revenue. From an order granting the writ respondent appeals. Affirmed.

George E. Stone, pro se, of Mobile, for appellant.

The act creating the office of board engineer is unconstitutional and void. Sections 45, 106, 110, Const. 1901; sections 146–147, Code 1907; Local Acts 1907, p. 727; Gen. Acts 1915, p. 573; Acts 1919–20, p. 24; 180 Ala. 489, 61 South. 368; 145 Ala. 132, 40 South. 350.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

Unconstitutionality of the act is the only question presented, and all reasonable presumptions are indulged in favor of its constitutionality. 79 Ala. 1; 154 Ala. 464, 45 South. 660; 160 Ala. 133, 49 South. 441, 686, 135 Am. St. Rep. 79; 175 Ala. 189, 57 South. 380; 178 Ala. 400, 59 South. 667; 200 Ala. 279, 76 South. 45. Population is a reasonable basis for classification. 145 Ala. 128, 40 South. 1016; 150 Ala. 241, 43 South. 785; 153 Ala. 648, 45 South. 175. The term "highway" was not intended to include city streets. 172 Ala. 138, 54 South. 757; 180 Ala. 489, 61 South. 368.

SAMFORD, J. Appellee (petitioner) was elected and appointed road engineer for the county of Mobile under the act of the Legislature of Alabama, approved October 6, 1920 (Acts 1920, Special Session, p. 148), and under such election and appointment has performed the duties required of him as such engineer. For payment of the first installment of salary due him he was issued in the usual form the warrant of the board of revenue and road commissioners of Mobile county for the sum of $261.29, which warrant before payment was required to be numbered and registered by the appellant (respondent), as treasurer of Mobile county. Upon proper presentation, the appellant refused to so number and register the same, upon the sole ground, as claimed by him, that the said act was unconstitutional and void. From the judgment and order of the trial court sustaining the validity of said act and awarding appellee (petitioner) a writ of mandamus requiring the appellant to number and register the said warrant, this appeal is taken.

[1] The contention is made by appellant that the act is a local law, and, not having been advertised as required by section 106 of the Constitution, is void. This section of the Constitution has been the subject of many decisions of our courts, resulting sometimes in upholding and sometimes striking down legislative enactment, but the rule of distinction seems to be that the Legislature in passing a general law may use the population as shown by the federal census as a basis for classification of subdivisions of the state for purposes of special legislation applicable to the entire state, provided it is done in good faith and reasonably relates to the purpose to be effected and to the difference in population, which forms the basis thereof; that where the population named in the act is merely arbitrary and chosen for the purpose of evading the constitutional requirements, it is local legislation.

[2, 3] Keeping in mind the rule that every reasonable presumption will be indulged in favor of the constitutionality of a statute, and that the party assailing its validity has the burden of convincing the court beyond a reasonable doubt, we are of the opinion that the act involved in this suit is not local but a general statute effecting a classification of the entire state upon the subject dealt with in the act, and reasonably related to the purposes to be effected and to the populations in the classes into which the state was thus divided. Cobbs as Treas., etc., v. Home Ins. Co. (3 Div. 378) 91 South. 627;[1] State ex rel. Thompson, 142 Ala. 98, 38 South. 679; Bd. of Rev. of Jefferson Co. v. Huey, 195 Ala. 83, 70 South. 744; Griffin v. Drennen, 145 Ala. 128, 40 South. 1016; State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 South. 461. We do not feel justified in placing upon the expression, "according to the last federal census," that construction insisted upon by appellant in the face of the decision of the Supreme Court in Griffin v. Drennen, supra.

[4] It is also insisted that the act violates section 45 of the Constitution, in that the subject of the act as contained in its body is not clearly expressed in its title. It being insisted the caption of the act provided for a "road engineer," while the body of the act gave such engineer jurisdiction over highways in the county, which appellant contends includes city streets. The term "highway" as used in the act in question was not intended to embrace city streets, nor does the act attempt to deprive any city of its proper control of its own streets. Bd. of Rev. of Jefferson Co. v. State, 172 Ala. 138, 54 South. 757; State ex rel. City of Mobile v. Bd. of Rev. & Rd. Coms. of Mobile Co., 180 Ala. 489, 61 South. 368.

We are further of the opinion that the act does not in any way take away from the county commissioners of Mobile county the power to control and direct the finances of the county.

We find no error in the record, and the judgment is affirmed.

Affirmed.

[1] Post, p. 206.