(111 So. 39)

**BIRMINGHAM ELECTRIC CO. v. HARRY.**
(6 Div. 809.)

(Court of Appeals of Alabama. Jan. 12, 1926. Rehearing Denied Feb. 9, 1926. Reversed on Mandate June 29, 1926.)

**1. Constitutional law** ⊜26—**Legislature may enact any constitutional law.**

Legislature has power to enact any law for government of people not expressly prohibited by Constitution.

**2. Statutes** ⊜85(5)—**Act imposing library maintenance tax as costs, applicable only to Jefferson county, held not violative of Constitution, prohibiting regulation of court costs not applicable to all counties (Acts 1919, p. 825, as amended by Acts 1923, p. 560; Const. 1901, § 96; Constitutional amendment of 1912 [see Acts 1911, p. 47]).**

Acts 1919, p. 825, as amended by Acts 1923, p. 560, levying library tax as costs in civil cases, which was applicable only to Jefferson county, held not invalid, as violating Const. 1901, § 96, prohibiting enactment of law regulating court costs not applicable to all counties, since Jefferson county is exempt from limitation of such section by constitutional amendment of 1912 (see Acts 1911, p. 47).

**3. Constitutional law** ⊜18—**Constitutional amendment supersedes inconsistent older provisions.**

Amendment to Constitution operates to repeal or modify all inconsistent or repugnant older provisions to extent of such inconsistency.

**4. Statutes** ⊜8½(1)—**Jefferson county is within constitutional provision requiring publication prior to introduction of bill for local law (constitutional amendment of 1912 [see Acts 1911, p. 47]; Const. 1901, § 106).**

Constitutional amendment of 1912 (see Acts 1911, p. 47) did not relieve Jefferson county from provisions of Const. 1901, § 106, requiring publication prior to introduction of bill for local law.

**5. Statutes** ⊜8½(1), 68—**Act imposing library maintenance fee as costs in counties of 200,000 or more held general law, so that publication before introduction of bill was not required (Acts 1919, p. 825, as amended by Acts 1923, p. 560; Const. 1901, § 106).**

Acts 1919, p. 825, as amended by Acts 1923, p. 560, levying library tax as costs in civil cases in counties having population of 200,000 or more, though applicable only to Jefferson county, held general law, so that publication prior to introduction of bill was not required under Const. 1901, § 106.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Ida Harry against the Birmingham Electric Company. From an order or judgment overruling defendant's motion to retax costs, defendant appeals. Affirmed.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Certiorari granted by Supreme Court in Birmingham Electric Co. v. Harry (111 So. 41) and judgment reversed and remanded.

Bradley, Baldwin, All & White and Lee C. Bradley, Jr., all of Birmingham, for appellant.

The validity of an amendatory act depends upon the validity of the act it purports to amend. Cobbs v. Home Ins. Co., 18 Ala. App. 206, 91 So. 627; Randolph v. Builders' & Painters' Supply Co., 106 Ala. 501, 17 So. 721. The act levying the library tax violates section 13 of the Constitution. Swann & Billups v. Kidd, 79 Ala. 431; Hays v. C. C. & H., etc., Co., 227 Mo. 288, 126 S. W. 1051. The act is offensive to section 96 of the Constitution. Bradley v. State, 69 Ala. 318; Tillman v. Wood, 58 Ala. 578; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; Osborn v. Henry, 200 Ala. 353, 76 So. 119; Vaughan v. Barker. 212 Ala. 461, 103 So. 38. The Second Amendment does not save the act; as a general law it violates section 96, and an unconstitutional law imposes no duties on litigants in Jefferson county. Randolph v. Builders, etc., supra; Norton v. Shelby Co., 118 U. S. 425, 6 S. Ct. 1121, 30 L. Ed. 178. The purported classification employed amounts only to a designation, and is void. Gulf, etc., Co. v. Ellis, 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666. The act under consideration is a local law, as defined by section 110, and as such is void for failure of compliance with section 106 of the Constitution. Reynolds v. Collier, 204 Ala. 38, 85 So. 465; Vaughan v. Barker, supra; Wallace v. Board of Rev., 140 Ala. 491, 37 So. 321; State v. Sayre, 142 Ala. 641, 39 So. 240, 4 Ann. Cas. 656. The act contravenes the Fourteenth Amendment to the federal Constitution. Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209; Board v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; Cooley on Taxation (4th Ed.) 646; Ex parte Marshall, 64 Ala. 266. The Second Amendment to the Constitution did not repeal section 106 of the Constitution. State v. B. S. R. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436; Taylor v. Woods, 52 Ala. 474.

Hugo Black and Thos. C. McClellan, both of Birmingham, for appellee.

The act does not violate section 13 of the Constitution. Swann v. Kidd, 79 Ala. 431. The Second Amendment to the Constitution exempted Jefferson county and its officers from the limitations of section 96. Waldrop v. Henry, 207 Ala. 128, 92 So. 425; Sloss Co. v. Brooks, 19 Ala. App. 107, 96 So. 93; Board of Rev. v. Kayser, 205 Ala. 289, 88 So. 19. The phrase "from time to time," as used in the Second Amendment, means "as occasion may arise," or "as occasion or convenience requires," or "at such times and in such sums" as to the Legislature may seem fit.

Bryan v. Arthur, 113 Eng. Rep. 354; State v. McBride, 29 Wash. 335, 70 P. 25; Lankton v. Stewart, 27 Minn. 346, 7 N. W. 360. An amendment to a Constitution, being the last expression of the public will, operates to repeal or modify all inconsistent or repugnant elder provisions in the Constitution, to the extent such inconsistency exists. The committal of unrestrained discretion to the Legislature is inconsistent with provisions of sections 104 and 106. 12 C. J. 724; Mayor v. Insurance Co., 53 Ala. 570; State v. B. S. R. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436; Opinion of the Justices, 209 Ala. 593, 96 So. 497. The classification employed in the act is sound. State v. Thompson, 193 Ala. 561, 69 So. 461; Board of Rev. v. Huey, 195 Ala. 83, 70 So. 744; Reynolds v. Collier, 204 Ala. 38, 85 So. 465.

SAMFORD, J. In view of the importance of the question involved this court adopts the following as its finding of fact:

"The costs in the above-entitled cause having been heretofore taxed against the defendant therein, and the sum of $2, being designated as 'library tax,' which sum is hereinafter referred to as 'contested item,' having been taxed as a part of said costs, and the defendant having duly made and presented a motion to retax said costs by striking and eliminating said contested item from said costs as so taxed, and the county of Jefferson having requested and having been granted the right to appear upon the hearing of said motion for the purpose of resisting the same, it is agreed between said defendant and the county of Jefferson that said motion shall be submitted upon the following agreed statement of facts:

"(1) That on the 17th day of February, 1925, a judgment was duly rendered by the circuit court of Jefferson county, Alabama, in said cause, in favor of the plaintiff and against the defendant therein, for the sum of $225, together with the court costs thereof.

"(2) That the court costs in said cause were assessed by Woolsey Morrow, clerk of said court, in the amount of $26.10.

"(3) That each and every item of said costs as so taxed, except said contested item, was and is correctly taxed, and is justly due by the defendant in said cause.

"(4) That said contested item was taxed as a part of said costs under and pursuant to the terms of that said act of the Legislature of Alabama, approved September 29, 1919, entitled 'An act to provide a fund for support of a law library for the circuit court in counties of 200,000 or more inhabitants, without appropriations from the state or county treasury.' General Acts of Alabama 1919, p. 825.

"(5) That, in the event said act is constitutional, then said contested item is and was a part of the taxable costs for which the defendant is liable, and was properly included as a part of the taxable costs in said cause, but that, in the event said act is unconstitutional, then said contested item is not and was not a taxable item of costs against the defendant in said cause, and was taxed against the defendant in said cause contrary to law.

"(6) That Woolsey Morrow is the clerk of said court, and has been such continuously since the 16th day of January, 1923."

[1] Under our system of government, the Legislature has the power to enact any law for the government of the people, not expressly prohibited by the Constitution. Assuming to act within its powers, the Legislature, by act approved September 27, 1923, amending an act approved September 29, 1919 (see Acts 1923, p. 560), passed a law levying a library tax in certain counties of the state. The pertinent part of said act is section 1, as follows:

"That in all civil (including equity) cases hereafter filed in or brought by appeal or certiorari to the circuit court of counties of two hundred thousand or more inhabitants there shall be taxed as costs, the sum of two dollars in each case to be collected as other costs are collected, and to be paid to the clerk of such circuit court. That said sum of two dollars shall be called the 'library tax' and shall be expended by the circuit court of such county by orders of the presiding judge thereof, for maintaining a law library for such circuit court."

This act now under consideration is, for all practical purposes, a substantial duplicate of the Library Tax Act considered and determined by our Supreme Court in Swann v. Kidd, 79 Ala. 431, in which case the Supreme Court has foreclosed the question so far as the contention of appellant relates to section 13 of the Constitution of 1901.

[2] It is next insisted that the act providing for the library tax is in contravention of section 96 of the Constitution of 1901. If, as we have assumed, the Legislature had the power to levy the tax and to provide its collection in each of the cases enumerated, then it appears that the county of Jefferson has been exempted from the operation of section 96 of the Constitution, by reason of the amendment to the Constitution adopted in 1912 (see Acts 1911, p. 47) as follows:

"The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation."

In dealing with this amendment the Supreme Court said:

"At least one effect of this amendment was to exempt Jefferson county and its officers from the limitations prescribed by section 96 of the Constitution of 1901." Waldrop v. Henry, 207 Ala. 128, 92 So. 425.

And in Sloss-Sheffield Steel & Iron Co. v. Brooks, 19 Ala. App. 107, 96 So. 81, Ex parte Sloss-Sheffield Steel & Iron Co., 209 Ala. 264, 96 So. 83, it was held that the exemption also extended to section 104 of the Constitution of 1901. Board of Revenue Jefferson County v. Kayser, 205 Ala. 289, 88 So. 19.

[3] The library tax as provided by statute became a "charge of court" within the purview of section 96 of the Constitution, and if, as is contended by appellant, the act fixing the tax refers alone to Jefferson county, then the amendment to the Constitution, supra, relieves it of the inhibition of section 96. An amendment to a Constitution, being the last expression of the public will, operates to repeal or modify all inconsistent or repugnant older provisions to the extent of any inconsistency. 12 Corpus Juris, p. 7241; Mayor v. Ins. Co., 53 Ala. 570; State v. Birmingham So. Ry., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436.

[4, 5] We cannot, however, extend the scope of the amendment, supra, so as to modify section 106 of the Constitution of 1901. Section 106 has an entirely separate field of operation and was designed for the purpose of giving notice to the people of the locality to be affected by the enactment. The courts have been careful to preserve this section of the Constitution in the many cases where questions affecting it have arisen. If, therefore, we should hold that the act fixing the tax was local we should be forced to the conclusion that, in the absence of proper notice, such act would be invalid. In that case the whole matter would under the statute be referred to the Supreme Court. But, under the view we take, the act is general, and not local. The original as well as the amended act is applicable to all counties of the state having a population of 200,000 or more, looking to the building and maintenance of a law library for the use of the courts in such counties. This, in effect, was a classification of the entire state on that subject, and reasonably related to the purposes to be affected and to the population in the classes into which the state was thus divided. That at the time of the passage of the statute there was only one county of the designated population cannot affect the general rule as laid down by this court and the Supreme Court on the subject. Cobbs, City Treas., v. Home Ins. Co., 18 Ala. App. 206, 91 So. 627; State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 So. 461; State ex rel. Thompson, 142 Ala. 98, 38 So. 679; Board of Revenue v. Huey, 195 Ala. 83, 70 So. 744; Stone, Treas., v. State ex rel. Adams, 18 Ala. App. 154, 89 So. 304; Reynolds v. Collier, 204 Ala. 38, 85 So. 465.

We are unable to find any constitutional objections to the act, and the judgment is affirmed.

Affirmed.

PER CURIAM. Reversed and remanded, on authority of Birmingham Electric Co. v. Harry, 111 So. 41.