*291 Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
The Honorable John W. Pemberton, Clerk, Alabama House of Representatives, forwarded to the members of the Alabama Supreme Court the following House Resolution 182:
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H.B. 725, a copy of which is attached to this resolution and made a part hereof by reference:
1. Does H.B. 725 conflict with Section 93 or 94 of the Constitution of Alabama, 1901?
RESOLVED FURTHER, That the Clerk of the House is hereby directed to send nine true copies of the pending bill, H.B. 725, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
A BILL TO BE ENTITLED AN ACT
To allow the state, municipalities, county governing bodies or other public entities to appropriate or donate public money or thing of value to volunteer rescue squads and volunteer fire departments. BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. It is the legislative intent of this act to declare that volunteer rescue squads and volunteer fire departments are performing governmental public functions in behalf of the public welfare. It is further declared that volunteer rescue squads and volunteer fire departments perform a public service at less cost than it would cost the governing body to perform the same service. By declaring volunteer rescue squads and volunteer fire departments governmental in nature, said public entities are entitled to public funds.
Section 2. The legislature of the State of Alabama, municipal and county governing bodies and other public entities are hereby authorized to appropriate or donate public money or thing of value to local volunteer rescue squads and volunteer fire departments.
Section 3. All laws or parts of laws which conflict with this act are hereby repealed.
Section 4. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
Sections 93 and 94 of the Alabama Constitution of 1901, as amended, prohibit the state and any county, city, town or other subdivision of the state by legislative authority from lending credit or money or granting public money to any individual, association or corporation. We are of the opinion that H.B. 725 allowing state, municipalities, county governing bodies or other public entities to appropriate or donate public money or thing of value to volunteer rescue squads and volunteer fire departments does not violate said sections.
It is well settled in this state that the restraints in § 93 have been construed to mean that the state may not engage in private enterprise. In State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487 (1939), which upheld the Alabama Alcoholic Beverage Control Act, the court interpreted § 93 as follows:
*292 The interest referred to is a pecuniary interest in any private or corporate enterprise, and this prohibition was, we think inserted in our organic law as a limitation upon the power of the legislature to again place our State in business enterprises and in competition with private individuals or corporations; or to undertake those things which ordinarily might, in human experience, be expected to be undertaken for profit or benefit to private promoters. 237 Ala. at 335, 186 So. at 490.
Likewise, § 94 has reference only to private associations and corporations. State ex rel. Austin v. City of Mobile, 248 Ala. 467, 28 So.2d 177 (1946) (and cases cited therein).
In answer to an inquiry from the Legislature as to whether an act authorizing certain municipalities to finance public improvements within their police jurisdiction by issuance of general obligation securities violated § 94, members of this court answered in the negative saying:
[E]ach case will have to be considered on its own facts to determine whether the things the municipality proposes to do in the exercise of power granted by the act intended primarily to serve a lawful municipal purpose or are intended primarily to lend the municipality’s credit or grant something of value in aid of or to an individual, association or corporation. Opinion of the Justices, 264 Ala. 452, 456, 88 So.2d 778, 782 (1956).
We are of the opinion that volunteer fire departments and rescue squads are not to be characterized as private entities engaged in private enterprise, but rather as having a lawful public purpose. They are not normally expected to be enterprises undertaken for profit or benefit to private promoters. On the contrary, legislative intent is clearly evidenced in H.B. 725 by the statement that those entities perform “governmental public functions in behalf of the public welfare” and “a public service.” They are designated in H.B. 725 as “governmental in nature” and “public entities.” Concerning legislative intent, it has been held in this state:
[I]t is clear that whether an appropriation is a donation, or whether it is the recognition of an honorable claim against the public, and therefore for the public purpose, is primarily addressed to the Legislature.

The Legislature has to a great extent the right to determine the question, and its determination is conclusive when it does not clearly appear to be wrong, assuming that we have the right to differ with them in their finding. Board of Revenue and Road Com’rs of Mobile County v. Puckett, 227 Ala. 374, 377, 149 So. 850, 852 (1933).
The Legislature has clearly indicated in H.B. 725 that an appropriation to a volunteer fire department or rescue squad is an honorable claim against the public and therefore for the public purpose. That the services of such volunteers are in the public interest is further illustrated in Cobbs v. Home Insurance Co. of New York, 18 Ala.App. 206, 91 So. 627 (1920) (cert. den. 207 Ala. 712, 91 So. 922), where the court held that the Legislature could authorize certain municipalities to create a fireman’s pension fund. Although the firemen involved were municipal employees and not volunteers, the reasoning of the court is analogous:
Looking to the future, and not retrospectively, the Legislature may provide a system, whereby municipalities, having under their jurisdictions millions of dollars worth of property liable to destruction by fire, can increase in efficiency a department designed to protect life and property» by providing for the members of its fire departments, their wives and little ones, after the term of active service has been ended, either by death or age, to the end that the public may retain in hazardous service men of the most faithful and efficient class. Reasons in support of this proposition are too obvious to be stated in detail. The compensation thus paid, by whatever name called, is not a gratuity, but a part of the stipulated consideration, for which they contracted and served. 18 Ala.App. at 208, 91 So. at 629.
*293 That case also specifically holds that the creation of the firemen’s pension fund and machinery for carrying it out is “governmental” in nature and not violative of § 93. 18 Ala.App. at 208, 91 So. 627.
In view of the stated legislative intent that volunteer fire departments and rescue squads are public entities carrying out governmental functions and the fact that often hazard service is performed for the public welfare, we conclude that H.B. 725 does not violate §§ 93 and 94 of the Constitution.
Our opinion is based upon our study of the bill itself and the application of §§ 93 and 94, as amended, of our Constitution, all without the benefit of the development of facts, the presentation of opposing briefs, and without oral presentation to this Court.
Respectfully submitted,
C. C. Torbert, Jr., Chief Justice
James N. Bloodworth
James H. Faulkner
Reneau P. Almon
Janie L. Shores
Eric Embry
Sam A. Beatty Associate Justices