YATES, Judge.
This is a class action involving four subclasses. The representatives of the subclasses sued Governor Fob James and the state commissioner of revenue in their official capacities (hereinafter collectively referred to as “the State”), seeking a judgment declaring that Alabama’s classification of retirement benefits for Alabama income tax purposes violates the provisions of Amendment 25 to the Alabama Constitution of 1901 and violates their rights to equal protection under the Alabama and United States Constitutions. Ala. Const., art. I, §§ 1, 6, and 22; U.S. Const., amend. 14, § l.[1]
The three class representatives and the subclasses they represent are:
“(1) Fred Melof; Melof receives a pension pursuant to a ‘defined benefit plan’ as a former employee of United States Steel Corporation. Since tax year 1991, Melofs retirement benefits have been exempt from income tax. Melof represents taxpayers who have paid income tax on private retirement benefits for the years 1985 to 1990.
“(2) E.K. Alley; Alley, a retired police officer, received a pension and annuity from the City of Birmingham and the Alabama Peace Officers Annuity and Benefit Fund. Alley paid income tax for the years 1985 through 1990 on his retirement benefits in excess of $8,000.00 per year. Alley represents two subclasses: (a) eligible peace officers and fire fighters who paid income tax on retirement benefits in excess of $8,000.00 per year for the years 1985 through 1990; and (b) taxpayers who have paid income tax on retirement benefits from a municipal, county or public board which has not or had not joined the State Employees Retirement System of Alabama for the years 1985 through the present.
“(3) Marilyn Mooring; Mooring, a retired private school teacher, receives a pension pursuant to a ‘defined contribution plan’ offered by her former employer. Mooring represents taxpayers who have paid income tax on retirement benefits received from a ‘defined contribution plan,’ or other private or public allowances, pensions or annuities for the years 1985 through the present.”
The class representatives and the State moved for summary judgments. Following a hearing, the trial court entered a summary judgment in favor of the State. The class representatives appeal.

Undisputed Facts

Amendment 25 to the Alabama Constitution of 1901 was ratified in 1933. It authorized the State to levy an income tax on Alabama citizens, but prohibited any special income tax treatment of the income of public officers and employees. Subsequent to the ratification of Amendment 25, the Legislature enacted an Alabama income tax in 1935. 1935 Ala. Acts No. 194.
The Legislature created the Teachers Retirement System of Alabama (“TRS”) and the State Employees Retirement System of Alabama (“ERS”) in 1939 and 1945, respectively. 1939 Ala. Acts, Act No. 419, and 1945 Ala. Acts, Act No. 515. Each of the acts creating the two retirement systems contains a provision exempting the systems’ retirement benefits from any state or municipal tax. These exemptions remain in effect today. § 16-25-23 and § 36-27-28, Ala.Code 1975.
Amendment 61 to the Alabama Constitution of 1901 was ratified in 1947. Section C. of that Amendment provides:
“All laws relating to the income tax, not in conflict herewith and valid on the date of the ratification of this amendment, are hereby validated and confirmed.”
*1169 In 1958, the Legislature codified the previously granted exemptions to retirement benefits of TRS and ERS members into the income tax statutes. 1959 Ala. Acts, Act No. 112.
Pursuant to § 36-27-6(a), Ala.Code 1975, counties, municipalities, and public or quasi-public boards of the state may join the ERS and thereby qualify their retirees for the exemption of retirement benefits from Alabama income tax.
Beginning with the tax year 1991, the Legislature exempted from income tax the retirement benefits received by Alabama taxpayers from: 1) the TRS, 2) the ERS, 3) political subdivisions of the State for employment as firefighters or peace officers, 4) any United States Government source; and 5) a “defined benefit plan,” as defined in § 414(j) of the Internal Revenue Code of 1986. §§ 40-18-19 through -20, Ala.Code 1975.
Before 1991, for the tax years beginning in 1987, firefighters received an exemption on the first $8,000 per year of retirement compensation. Before 1991, for the tax years beginning in 1984, peace officers received an exemption on the first $8,000 per year of retirement compensation. Before 1991, there was no exemption for private retirement benefits. The retirement benefits of Alabama teachers, state employees, and federal civil service employees were exempt from tax before 1991 and for the years in question in this case.
The Internal Revenue Code, as amended by the Employee Retirement Income Security Act (“ERISA”), Pub.L. No. 93-406, 1974, classifies qualified retirement plans as “defined benefit plans” and “defined contribution plans.” The distinction between the two types of plans is that an employee’s benefit under a “defined contribution plan” is the amount in an account in the employee’s name, while an employee’s benefit under a “defined benefit plan” is specified by the terms of the plan. In other words, a “defined contribution plan” specifies how much goes into the plan, while a “defined benefit plan” specifies how much comes out of the plan.
The retirement benefits distributed by the TRS and the ERS are from a “defined benefit plan,” meaning that the employee’s benefit is specified by the terms of the plan. § 16-25-14 and § 36-27-16, Aa. Code 1975.

Amendment 25

The trial court concluded, in a well-reasoned and persuasive order, that the pre-1991 and post-1991 classification of retirement benefits for Aabama income tax purposes does not violate the provisions of Amendment 25. We agree. The court stated:
“Amendment 25’s prohibition against the special income tax treatment of the income of public employees was repealed by the ratification of Amendment 61. After the ratification of Amendment 25 in 1933, the Legislature exempted the retirement benefits of Aabama school teachers and state employees, in 1939 and 1945 respectively, from all state taxation, including Aabama’s income tax. In 1947, Amendment 61 was ratified. Amendment 61 superseded the provisions of Amendment 25 and repealed Amendment 25’s prohibition against the special income tax treatment of the income of public employees by validating and confirming all ‘laws relating to the income tax’ which were valid on the date of the ratification of Amendment 61.
“Included in the existing ‘laws relating to the income tax’ in 1947 were the exemptions from state tax granted by the Legislature to the retirement benefits of Aabama school teachers and state employees. Acts of Aabama 1939, No. 419, p. 559, at 573; Acts of Aabama 1945, No. 515, p. 734, at 748. At the time of the ratification of Amendment 61 in 1947, these exemption statutes were unchallenged, valid and presumed to be constitutional. Tanner v. Tuscaloosa County Commission, 594 So.2d 1207, at *1170 1209 (Ala.1992); Craig v. State, 410 So.2d 449, at 458 (Ala.Crim.App.1981).
“The Legislature is presumed to have had full knowledge and information on those existing exemption statutes when Amendment 61 was proposed and ratified. See Ex parte Love, 513 So.2d 24, at 29 (Ala.1987) (citing Miller v. State, 349 So.2d 129 (Ala.Crim.App.1977)). Obviously, the Legislature intended to validate those exemptions and repeal the 25th Amendment’s prohibition against the special income tax treatment of the income of public employees. Why else would Alabama’s classification of retirement benefits remain unchallenged pursuant to the provisions of Amendment 25 for 50 years? There is no other explanation for the inclusion of the ‘validation’ sentence in Amendment 61. The Legislature knew that an amendment to the Alabama Constitution repeals all inconsistent older provisions of the Constitution to the extent of any inconsistency. Bimingham Electric Co. v. Harry, 21 Ala. App. 483, 484, 111 So. 39, 40 (1926).
“Alabama’s pre-1991 and post-1991 classification of retirement benefits, including the exemptions granted to the benefits of teachers and state employees and the subsequent partial exemptions granted to the benefits of peace officers and firefighters, cannot be interpreted to violate Amendment 25’s prohibition against special income tax treatment of the income of public employees, because Amendment 61 repealed the prohibition of Amendment 25.”

Equal Protection

The Equal Protection Clause of the Fourteenth Amendment and the equal protection provisions of the Alabama Constitution do not impose an iron rule of equality in state taxation. State v. Colonial Pipeline Co., 471 So.2d 408 (Ala.Civ.App.1984), writ quashed, 471 So.2d 413 (Ala.1985), appeal dismissed, 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 276 (1985). The flexibility and variety necessary and appropriate in the development of taxation schemes are allowed pursuant to the Equal Protection Clause. Id.
The appropriate standard of review for equal protection challenges is the rational basis test. White v. Reynolds Metals Co., 558 So.2d 373 (Ala.1989). Under the rational basis test, “a classification for taxing purposes will be upheld if it is rationally related to a legitimate state purpose.” Id., at 381 (citations omitted). In determining whether a challenged classification is rationally related to the achievement of a legitimate state purpose, a court must inquire whether the classification furthers a proper governmental purpose and whether the classification is rationally related to that purpose. Colonial Pipeline Co., supra.
Each of the subclasses presents different equal protection claims. Therefore, we must review them separately.

The Melof Subclass

Melof represents private employees who had received benefits from “defined benefit plans” from 1985 through 1990. Beginning with tax year 1991, the Legislature exempted these retirement benefits from income tax. § 40 — 18—19(a)(6), Ala.Code 1975. As noted by the trial court, the Legislature did this in an effort to attract and retain qualified public servants:
“The State’s [pre-1991] classification of exemptions was designed to create a benefit for potential state employees, including teachers, who were attracted to government service. The exemptions also encouraged those employees to remain in Alabama after their retirement. The exemptions, by enhancing benefits to state employees, attracted qualified employees to government service and rewarded those employees without spending additional state revenues.”
We find the difference in the state’s income taxation of government retirement benefits, as opposed to other types of retirement benefits, is founded upon a ra *1171 tional basis — the desire to attract qualified people to government service and ensure that they remain in Alabama after retirement. This slight tax benefit to public retirees bears the necessary fair and substantial relation to a legitimate state goal needed to survive equal protection scrutiny.[2]

The Alley Subclasses

Alley represents two subclasses of local government employees. One subclass is composed of local government retirees who are not members of the ERS and who have had their retirement benefits taxed from 1985 through the present. Some of these members now qualify for an exemption, if their retirement benefits are paid pursuant to a “defined benefit plan.” The other subclass is composed of peace officers and firefighters who are not members of the ERS and who had a portion of their retirement benefits taxed from 1985 through 1990. Beginning with the tax year 1991, the retirement benefits of members of this subclass are specifically exempt from tax. § 40 — 18—19(a)(3), Ala.Code 1975.
The employers of the members of these two subclasses were provided the option to join the ERS. Section 36-27-6(a), Ala.Code 1975, allows counties, municipalities, and public or quasi-public boards to join the ERS or to remain separate. The retirement benefits of the members of these two subclasses were subject to income tax because their employers failed to fully fund their pensions (peace officers and firefighters) and/or their employers elected not to participate in the ERS. Either way, the employers held the key to providing the exemption from income tax to these members. The State did not prevent the members of these subclasses from obtaining an exemption.
The trial court found that neither the pre-1991 nor the post-1991 classifications of exemptions violated the equal protection rights of these two subclasses. We agree. The court stated:
“The [ERS], operating as a public corporation, is an instrumentality of the State of Alabama. § 36-27-2(b), Ala. Code 1975. The Legislature has an interest in ensuring the financial stability of the [ERS] because it is an agency of the State. One of the methods to accomplish this goal is to increase participation in the system by encouraging local governments to opt into the [ERS] pursuant to § 36-27-6(a). Participation in the system would qualify local government retirees for the exemption of retirement benefits from income tax, which is granted to state employee retirees. Of course, protecting the [ERS] is a legitimate state objective and encouraging participation in the [ERS] is the rational basis for distinguishing between state employees and the two subclasses pursuant to Alabama’s pre-1991 and post-1991 classification of retirement benefits.”

The Mooring Subclass

Mooring, a retired private school teacher, represents all individuals who have paid income tax on retirement benefits from “defined contribution plans” for the years 1985 through the present. An employee’s benefit under a “defined contribution plan” is the amount in an account in an employee’s name, as compared to an employee’s benefit under a “defined benefit plan,” which is specified by the terms of the plan.
The State’s rational basis for its pre-1991 classification as it pertains to the Mooring subclass is the same as that applied to the Melof subclass. The State’s classification sought to attract qualified *1172 public employees through exemptions for retirement benefits. Therefore, we find no violation of equal protection rights in the pre-1991 classification.
The Legislature expanded the exemptions for retirement benefits in the post-1991 classification. Beginning with tax year 1991, distributions from “defined benefit plans” are now exempt. However, the distributions from “defined contribution plans,” like Moorings, are not exempt from tax. The distinction in tax treatment is explained by an analysis of the retirement benefits of state employees and teachers.
The retirement benefits of the ERS and the TRS are distributed from a “defined benefit plan,” which means that the employee’s benefit is specified by the terms of the plan (i.e., how much comes out of the plan). §§ 16-25-14 and 36-27-16, Ala.Code 1975. To provide equal treatment to those retirees in a comparable position with state retirees, the Legislature extended the exemption from tax to the distributions from private “defined benefit plans,” because this is the group with benefits comparable to the benefits received by retired state employees and teachers.
This accomplishes the legitimate state goal of equal treatment between state employees and those private citizens receiving comparable retirement benefits and establishes a rational basis for distinguishing between the two types of retirement plans. Further, we find that it was reasonable for the Legislature to believe that the post-1991 classification achieves that goal. Accordingly, we hold that there is no equal protection violation as to the Mooring class.
The judgment of the trial court is affirmed.
AFFIRMED.
MONROE and THOMPSON, JJ„ concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY, J., dissents.

. For, the initial procedural aspects of this action see Sizemore v. Rinehart, 611 So.2d 1064 (Ala.Civ.App. 1992).

. Other stales have held the same. See, Sullivan v. State, 841 P.2d 619 (Okla.App.1992), cert. denied, 507 U.S. 1031, 113 S.Ct. 1847, 123 L.Ed.2d 471 (1993); Schnorbus v. Director of Revenue, 790 S.W.2d 241 (Mo.1990), cert. denied, 498 U.S. 1027, 111 S.Ct. 679, 112 L.Ed.2d 671 (1991); Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983).