[Merritt v. Wyatt.]

# Merritt *v.* Wyatt.

*Assumpsit.*

(Decided December 4, 1913.   63 South. 962.)

1. *Covenants; Action; Defenses.*—In an action for breach of a covenant of warranty made in the sale of lands it is unnecessary either to aver or prove that the warrantor was notified of the eviction of plaintiff or his vendee.

2. *Same.*—In an action for breach of the covenant of warranty in the sale of land it is not necessary to allege when the covenant was breached by the eviction of plaintiff or his vendee, as the time of eviction is relevant only on the question of limitation which is a defense.

3. *Same; Complaint; Sufficiency.*—A complaint alleging that the testator of defendant conveyed to one Powell with covenants of general and special warranty, that Powell conveyed it to plaintiff, and he conveyed it to one D., with warranties; that D. devised it by will to certain devisees, and that these devisees were evicted from the premises by persons who recovered judgment against them; that plaintiff, being sued upon his warranty, paid the devisees a certain sum of money is sufficient to show that the devisees of D., who were ousted were the devisees of the property in question.

4. *Appeal; Review; Objections in the Trial Court; Demurrer.*— The court will not review on appeal errors in the form of a complaint not pointed out by the grounds of demurrer assigned thereto.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by P. A. Wyatt against Mary A. Merritt for breach of warranty. Judgment for plaintiff, and defendant appeals. Affirmed.

The case was submitted on the second count of the complaint, which shows that defendant's testator, W. H. Merritt, and M. A. Merritt, in 1890, conveyed certain property to J. W. Powell, with the general as well as special covenants of warranty; that the property then passed by mesne conveyances to plaintiff, Wyatt; that Wyatt conveyed it, with warranties, to E. H. Dickson in the year 1905, who in turn left it by will to certain devisees; that these devisees were evicted from the

[Merritt v. Wyatt.]

premises by certain named persons who recovered a judgment against them; that plaintiff was sued upon his warranties contained in his deed to E. H. Dickson; that he has paid the devisees of E. H. Dickson, deceased, the sum of, to wit, $3,400 on account of their eviction from said land; that judgment was recovered against him in said suit; and that plaintiff has paid and discharged said judgment.

A statement of the breach of the covenant is further amplified as follows: "Plaintiff further avers that the warranties in said deed by which said W. H. Merritt undertook to warrant and defend title to said property against any and all persons has been breached in this: That there was an outstanding title at the time of the execution of said deed by said W. H. Merritt and M. A. Merritt superior to that of said W. H. Merritt; that the owners of said outstanding superior title have asserted the same, and have recovered the property to the damage of plaintiff in the sum of $3,300, together with interest from the 1st day of January, 1911, which plaintiff claims as damages in this suit."

Defendant demurred to the count on various grounds, and, the demurrer being overruled, the cause was submitted for trial by the court, without a jury, on an agreed statement of facts. From a judgment for plaintiff, defendant appeals, and assigns for error the overruling of the demurrer to count 2 of the complaint, and the rendition of judgment for plaintiff.

NATHAN L. MILLER, and NEEDHAM A. GRAHAM, JR., for appellant. The suit being against the executrix of the will of one of the grantors only is demurrable. The facts set forth do not show a breach of the covenant and do not support the conclusion that the warranties in said deed have been breached.—*Copeland v. McAdory,*

100 Ala. 553; *Anderson v. Knox,* 20 Ala. 156; 11 Cyc. 1145; 5 Enc. P. & P. 369; 8 Cowan 36; 9 Wend. 416. The count is also demurrable in failing to allege in whom the outstanding superior title resides.—*Copeland v. McAdory, supra;* 2 Greenl. on Evid. secs. 242-4; Rawle on Covenants, 125, et seq. The count should have described the alleged outstanding title.—Authorities supra. The count contained no averments of facts showing that the alleged outstanding claim was a valid claim, or that it comes within any exception to the twenty year rule of repose.—*Matthews v. McDade,* 72 Ala. 377, and authorities cited.

GOODWYN & MCINTYRE, for appellee. The count contained a substantial cause of action upon which judgment might be rendered.—*Randolph v. Sharp,* 42 Ala. 265; *Toole v. Urquhart,* 44 Ala. 646. The first, second and twelfth grounds of demurrer were general, and properly overruled.—Sec. 5340, Code 1907; *Bryant v. A. G. S.,* 155 Ala. 368. If the title asserted to the premises is valid, the person in possession may voluntarily yield to the same and still sue upon his warranty.— *Dupey v. Roebuck,* 7 Ala. 184; *Griffin v. Reynolds,* 117 Ala. 198; *Copeland v. McAdory,* 100 Ala. 553. A ground of demurrer not assigned or insisted upon will not be considered on appeal.—*Wes. Ry. v. Ross,* 144 Ala. 142. Time was not the essence of the action, but was a defense which must be pleaded.—Sec. 5382, subd. 8, Code 1907. Objections not pointed out by demurrer are not available on appeal.—*Ala. Nat. Bank v. Halsey,* 109 Ala. 197. The complaint shows that Mrs. Merritt was the wife of Merritt at the time the deed was executed, and that the entire consideration, went to the husband, and hence, she was not a necessary party to the suit.— Secs. 2503 and 3823, Code 1907; *Threefoot v. Hillman,* 130 Ala. 244; *Curry v. A. F. L. M. Co.,* 107 Ala. 429.

[Merritt v. Wyatt.]

SOMERVILLE, J.—Some of the grounds of demurrer are general, and, of the assigned grounds directed against the second count of the complaint, the only ones argued in brief are (1) that it does not appear that defendant had any notice of the eviction suit against the Dickson devisees; (2) it does not appear when the covenant was breached; and (3) it does not appear that the persons evicted were the same persons to whom Dickson devised the precise land.

It is not necessary, in an action like this, to either aver or prove that the defendant warrantor was notified of the eviction against the plaintiff or his vendee.—*Chestnut v. Tyson,* 105 Ala. 149, 162, 16 South. 723, 53 Am. St. Rep. 101.

Nor is it necessary, in ordinary cases such as this, to allege when the covenant was breached by eviction from the warranted premises, for that fact is relevant only upon the question of limitation of the action, and the limitation must, of course, be pleaded as a defense.

It sufficiently appears from the complaint, though in awkward sequence of averment, that the devisees of E. H. Dickson, who were ousted by De Bardeleben, were the devisees of the property in question.

Unquestionably the count is defective in several particulars.—*Copeland v. McAdory,* 100 Ala. 553, 13 South. 545; *Chestnut v. Tyson, supra.* Its actual defects are, however, not pointed out by any appropriate assignment of the demurrer, and are not available here.

The complaint stated, for all of its defects, a substantial cause of action, and on the undisputed facts plaintiff was entitled to a recovery. The judgment will be affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, and SAYRE, JJ., concur.