180 So. 781

## HOME INS. CO. v. CITY OF BIRMINGHAM.
### 6 Div. 189.

Court of Appeals of Alabama.
Feb. 1, 1938.
Rehearing Denied March 22, 1938.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

J. H. Willis, Clarence Mullins, and Geo. R. Stuart, all of Birmingham, for appellee.

SAMFORD, Judge.

This case was submitted to the court upon count 5 of the complaint, as amended. In this count plaintiff sought to recover of the defendant the sum of $281.12, the amount paid by the industrial department of the Home Insurance Company to the City of Birmingham for a license or privilege tax for the tax year 1936; said taxes being paid upon the amount of premiums of industrial insurance written by the appellant in the City of Birmingham.

This tax was paid to the City of Birmingham under an ordinance which levied a tax on each fire insurance company of $2\frac{1}{2}$ per cent. of the gross premiums, less returned premiums, received during the year immediately preceding on policies issued during that preceding year, etc. Copy of the ordinance conforms to the foregoing statement.

Part of the tax claimed is also for sums paid for the benefit of the Fireman's Pension and Relief Fund under the provisions of the General Laws of Alabama.

Said taxes were paid on the 30th day of January, 1936.

A claim for the return of the payment was filed with the City of Birmingham, within the time allowed by law, and the City of Birmingham declined to repay said sum.

Appellee demurred to the complaint, and the demurrers were sustained upon the ground that under the law the plaintiff was required to pay said taxes to the City of Birmingham if the City of Birmingham exceeded the population of 100,000, and that the statute of Alabama only exempted industrial insurance from municipal taxation in cities having a population of less than 100,000.

On account of the adverse ruling of the court, the plaintiff was compelled to take a nonsuit which was allowed by the court, and the appeal is prosecuted from this ruling of the trial court.

The above, and foregoing, is a statement of the case from the record as made by the appellant's counsel and acceded to by appellee's counsel in his brief.

This raises the one question as to the effect of the last sentence in section 2156 of the Code of 1923, which reads as follows: "No license or privilege tax, or other charge, for the privilege of doing business, shall be imposed by any municipal corporation on any fire insurance company writing industrial insurance."

We are asked by appellee's counsel to limit the foregoing quotation to cities and municipalities having less than 100,000 population. On this question, we have read with interest the exhaustive briefs filed both by the appellant and by the appellee, but under the established rules as laid down by the Supreme Court of this

state, throughout its entire history, we see no occasion for a discussion of the various decisions cited by counsel.

■ Section 2156 of the Code of 1923, supra, is plain and unambiguous. The first part of the section is a clear limitation upon all municipalities in the state of Alabama having less than 100,000 population according to the last preceding state census, and the clause following makes a clear exemption in favor of fire insurance companies writing industrial insurance in all of the municipalities of the state, including such municipalities as may have more than 100,000 in population.

■ There is just no room for construction in a statute from which the intention of the Legislature can be so clearly drawn as to eliminate any uncertainty of its meaning.

There are so many cases holding to this view it would seem to be unnecessary to cite authority, but if authority should be required reference is made to 18 Alabama Digest, under the head of Statutes, ☞190 et seq.

For and on account of the above views, the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

### On Rehearing.

Appellee now insists that the money paid for the benefit of Fireman's Pension and Relief Fund should not be recovered by appellant.

With reference to this tax of 1½ per cent., this court in Cobbs, City Treasurer, v. Home Ins. Co. of New York, 18 Ala. App. 206, 91 So. 627, 629, and reaffirmed in the case of Home Ins. Company v. Cobbs, 20 Ala.App. 491, 103 So. 165, had this to say: "The tax or license levied by the act of 1915 (page 898 et seq.) as amended by the act of 1919 (pages 111–116) is a tax levied by the Legislature for the benefit of the various municipalities falling within the class to which they belong and is just as if the Legislature had authorized the levy of the license and an ordinance had been passed carrying it into effect, and so long as the levy does not exceed, by municipal ordinance or direct levy for the use of the municipality by the Legislature, the amount fixed by the Gen. Rev.Act 1919 (Laws 1919, p. 414) Schedule 59, subd. b, there is no conflict in the two statutes, requiring the striking down of the one or the other."

By whatever name the 1½ per cent. tax on insurance companies, for the benefit of Fireman's Pension and Relief Fund, may be called, it is none the less a license tax within the meaning of the law.

■ It is, therefore, clear to us that it is immaterial whether the tax for the Fireman's Pension and Relief Fund is a direct enactment by the Legislature or whether the Legislature merely permits the town to levy such a tax. By express provisions of the 1935 Act of the Legislature, p. 852 et seq., the tax for the benefit of the Fireman's Pension and Relief Fund is held to be treated as a part of the tax levied by a municipal corporation, and which is permitted by the General Revenue Act of 1935, p. 552 et seq.

■ It is also now contended by the appellee that section 2156 of the Code is not, in reality, a part of the Code, for the reason that it was not enacted and approved until October 1, 1923, Acts 1923, p. 748, whereas the act adopting the Code was approved August 17, 1923, Acts 1923, p. 127.

Counsel, however, failed to give effect to that part of the act, supra, which provides as follows: "All Acts of the present session of the Legislature, passed on and after July 10th., 1923, which are of a general nature, shall be incorporated in the Code at the appropriate place with reference to its subject-matter, and become and be published as a part of the Code, so that every statute of a general nature of this State, in force at the time of the publication of the Code, shall be incorporated therein." Section 4.

Whether, therefore, section 2156 of the Code originated in the Code Committee, or whether it was a codification of that part of the act approved October 1, 1923, is of no moment. The section is still a law. In re Fité, 228 Ala. 4, 152 So. 246.

In addition to the foregoing, this section (2156) is brought forward and contained in the General Revenue Act of 1935, § 348, schedule 160.17. See General Acts of Alabama, 1935, p. 555.

■ We see no escape from the conclusion which we reached in the original opinion promulgated in this case. All of the statutes relative to the licensing of fire insurance companies by municipalities are general, and must be considered in pari materia, and, when so considered, the plain terms of the statute prohibit all

municipalities in the state from levying and collecting license on this appellant.

The application for rehearing is overruled.

Overruled.