180 So. 783

**HOME INS. CO. v. CITY OF BIRMINGHAM.**

6 Div. 320.

Supreme Court of Alabama.

April 28, 1938.

42

J. H. Willis, Clarence Mullins, and Harvey T. Deramus, all of Birmingham, for petitioner.

Coleman, Spain, Stewart & Davies, of Birmingham, for respondent.

BROWN, Justice.

This action is by a taxpayer against the petitioner, the City of Birmingham, to recover money paid "under mistake of law or fact," and is rested on the provisions of sections 3144, 3145 and 3146, of the Code 1923, the last-mentioned having been amended by Act approved July 28, 1931, limiting the right to payment made within one year of the commencement of the action. Gen.Acts 1931, p. 811.

The basis of the right of action as prescribed by the statute is: *"The payment of money under mistake of law or fact upon any illegal tax assessment made under color of any law,* special or general, of the state, or by any of its political subdivisions, authorizing the assessment or collection of taxes for any purpose whatever, * * * *except the laws relating to taxes to be paid to the state or to the general funds of the counties."* (Italics supplied.) Code 1923, § 3144; First National Bank of Scottsboro v. Jackson County, 227 Ala. 448, 150 So. 690.

■ Claims for the recovery of money paid as taxes, not within the influence of this section of the Code, and claims falling within the exception—money paid to the state or the general fund of the county as taxes—rest upon the principles of the common law, and if voluntarily paid are not recoverable. National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444.

Count 5 of the complaint avers that the "plaintiff is a corporation engaged in writing industrial insurance in the City of Birmingham, Alabama, and was so engaged during the years 1935 and 1936. On demand of defendant, plaintiff paid to defendant the sum of towit $281.15 as license taxes for the year 1936 on premiums on industrial insurance written by defendant in the city of Birmingham; of this amount the sum of $105.42 was paid to the Board of Trustees of the Fireman's Pension and Relief fund of the city of Birmingham, and the sum of $175.70 was for the benefit of defendant under an ordinance of defendant city levying a license tax on each fire insurance company doing business in defendant city during 1936 of $2.50 on each $100.00 of gross premiums less return premiums received during the preceding year on policies issued during the preceding year."

The defendant demurred to said count 5 on the grounds, among others: "(7) For that no facts are shown by said complaint exempting 'industrial insurance' companies in Cities having a population of more than 100,000 (one-hundred thousand)."

The demurrer was sustained by the circuit court and the plaintiff appealed to the Court of Appeals.

As appears from the opinion of the Court of Appeals, the appellant's contention was that the proviso to section 2156 of the Code 1923, that "no license or privilege tax, or other charge, for the privilege of doing business, shall be imposed by any municipal corporation on any *fire insurance company writing industrial insurance,"* was a limita-

tion of the power of municipalities by the Legislature, and that the alleged license tax which it paid was unlawful. (Italics supplied.)

The contention of the appellee, on the other hand, was that the proviso was not applicable to municipalities having a population of more than 100,000.

The appellant's contention was sustained and the judgment of the circuit court was reversed.

On rehearing, in the Court of Appeals, the appellee made the contention that the money paid to the city for the benefit of the "Fireman's Pension and Relief Fund," was a direct levy by the Legislature under Act No. 389, approved September 9, 1935, and is not recoverable. Gen.Acts 1935, pp. 847–861.

Also, that section 2156 was not a part of the Code of 1923.

The Court of Appeals in disposing of the first contention on rehearing held it to be immaterial for the reason that: "By express provisions of the 1935 Act of the Legislature, p. 852 et seq., the tax for the benefit of the Fireman's Pension and Relief Fund is held to be treated as a part of the tax levied by a municipal corporation, and which is permitted by the General Revenue Act of 1935, p. 552 et seq."

The second point made on rehearing was disposed of in accordance with the ruling here. In re Fite, 228 Ala. 4, 152 So. 246.

The only question presented for decision by the ruling of the circuit court was that presented by the seventh ground of demurrer. The other grounds were either inapt or too general, and cannot be considered. Code 1923, § 9479; Fruitticher Electric Co. v. Birmingham Trust & Savings Co., 201 Ala. 676, 79 So. 248; Merritt v. Wyatt, 184 Ala. 262, 63 So. 962; Deason v. Gray, Sheriff, et al., 189 Ala. 672, 66 So. 646; Louisville & Nashville Railroad Co. v. Cowley et al., 164 Ala. 331, 50 So. 1015; Commercial Credit Co. v. Ward & Son Auto Co., 215 Ala. 34, 109 So. 574.

The question presented by the seventh ground of demurrer is whether or not municipal corporations having a population of more than 100,000 is within the influence of the proviso to schedule 160.17, section 348, of the General Revenue Law of 1935, Gen.Acts 1935, p. 555.

The parties and Court of Appeals overlooked the facts that section 2156 of the Code 1923 was superseded and repealed by the Act approved July 22, 1927, Acts 1927, pp. 150, 151, § 3(b); City of Sheffield v. Home Insurance Co., 234 Ala. 382, 174 So. 779.

However, the provisions of said schedule 160.17, supra, is in the identical language of section 2156. Said schedule 160.17, is in the following language: "No fire insurance company doing business in any municipality in this State having a population of less than 100,000, according to the last preceding Federal Census, shall be required to pay to such municipality for any license or license tax, a sum greater than four per centum of its gross premiums, less return premiums, received by such company on risks in such municipality, including any sum, or sums, required to be paid or contributed by such insurance company to any Firemen's Compensation, or Relief Fund in such municipality. *Provided that no license or privilege tax, or other charge for the privilege of doing business shall be imposed by any municipal corporation on any fire insurance company writing industrial insurance.*" (Italics supplied.)

The language of said proviso leaves no room for the contention that it does not apply to all municipal corporations, including such as have more than 100,000 population.

The Court of Appeals decided the only question presented on the record correctly.

The questions argued in the Court of Appeals on rehearing, and renewed here, were not presented by the demurrers to said count 5. What was said by the Court of Appeals in response thereto is mere dictum, and we are not called upon to approve or disapprove the same.

Nor do we approve the sufficiency of said count 5. It was not subject to the only specific ground of demurrer assigned to it.

The writ of certiorari is therefore denied.

Writ denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.