198 So. 713

## CITY OF BIRMINGHAM v. HOME INS. CO.

### 6 Div. 528.

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied April 30, 1940.

Corrected and Affirmed on Mandate

Nov. 19, 1940.

W. J. Wynn and John S. Foster, both of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

RICE, Judge.

·Appellee had judgment against appellant, in a suit brought by it—the trial of which was before the court, sitting without a jury—seeking to recover the amount it had paid to appellant as a license tax for the year 1936 for engaging in the business of writing or issuing policies of fire insurance known or called "industrial insurance."

The case was tried upon an agreed statement of facts, which is incorporated in the bill of exceptions, and which is made the basis of the conclusion we have reached.

All of the points raised on this appeal were raised on a prior appeal and decided by this court adversely to appellant, save and except, only, the question of the constitutionality, vel non, of the last sentence

in Schedule 160.17 of Section 348 of General Revenue Act of 1935 (General Acts of Alabama Regular Session 1935 pp. 256, 555), which sentence is as follows: "Provided that no license or privilege tax, or other charge for the privilege of doing business shall be imposed by any municipal corporation on any fire insurance company writing industrial insurance." See Home Ins. Co. v. City of Birmingham, 28 Ala.App. 143, 180 So. 781, certiorari denied Id., 236 Ala. 41, 180 So. 783.

Of this last quoted sentence appellant's counsel say, here: "It is agreed that if the above quoted sentence is unconstitutional or void for any of the three reasons raised by defendant (appellant) the plaintiff (appellee) shall not recover."

Conversely, we feel that we may add—in view of the prior cited holding by this court; which holding seems not to be overturned by the cited review on certiorari by the Supreme Court—if said quoted last sentence of Schedule 160.17 of Section 348 of the General Revenue Act of 1935 *is* constitutional, the recovery had by appellee in the lower court should stand.

We believe that all we need say is that we have given careful study to the said quoted last sentence of Schedule 160.17 of Section 348 of the said General Revenue Act of 1935, in the light of the stipulations in the agreed statement of facts upon which the case was tried, and in the light of the able briefs and arguments of the counsel for the respective parties on this appeal. And that we can not see the necessity of our going into detail about the reasons for our disagreement with counsel for appellant in their attack on the constitutionality of the said sentence.

Their arguments have been completely answered, with citation of apt authority, by the counsel for appellee, in their brief filed here.

█ And it seems sufficient for us to say that we are not convinced beyond a reasonable doubt that the said sentence, considered as we have hereinabove indicated, contravenes the terms of Constitution of 1901, Sec. 221, or of any other section of said Constitution brought to our attention.

It results the judgment appealed from should be affirmed.

And it is so ordered.

Affirmed.

Opinion After Remandment.

PER CURIAM.

█ Conforming to what was said by the Supreme Court on rehearing, 198 So. 716 on petition for certiorari to this court in this case, we here and now enter judgment in favor of the plaintiff (appellee) and against the defendant (appellant) for the sum of $206.91—the amount agreed upon between the parties as being due, in accordance with said opinion, on April 10, 1939, the date of the rendition of the judgment by the trial court—plus the interest accrued thereon to date of payment of judgment. As so corrected the judgment will stand affirmed. Code, Secs. 7318, 9498 and 9502.

Corrected and affirmed.